IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

VS.                       Case No. 5:18-cr-50090-TLB-MEF-1

CORNELIUS ANDERSON                                                                           DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Defendant's letter to the Court seeking a sentence reduction, which has been docketed as a motion for relief under 28 U.S.C. § 2255. (ECF No. 49). The United States has not been directed to file a response, and none is necessary.

### I. BACKGROUND

On December 18, 2018, Defendant, Cornelius Anderson ("Anderson"), was indicted and charged with the offense of being a felon in possession of one or more firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1). Anderson was arraigned on January 7, 2019, at which time he entered a not guilty plea to the Indictment and counsel was appointed to represent him. (ECF No. 10). A jury trial was scheduled for March 4, 2019. *Id*. Anderson requested a continuance of the trial date, which was granted, and the jury trial was reset for April 1, 2019. (ECF Nos. 16, 18).

On March 28, 2019, Anderson appeared with counsel for a waiver of indictment and change of plea hearing. (ECF No. 24). Anderson waived indictment (ECF No. 21) and agreed to

–1–

plead guilty to an Information (ECF No. 22) charging him with conspiracy to possess, sell, receive, or dispose of a stolen firearm, in violation of 18 U.S.C. § 922(j), all in violation of 18 U.S.C. § 371.  Pursuant to a written Plea Agreement (ECF No. 25), Anderson agreed to waive indictment by a grand jury, consented to the filing of an Information charging him with conspiracy to sell stolen firearms, in violation of 18 U.S.C. § 922(j) and 18 U.S.C. § 371, and he pleaded guilty to the Information.  (ECF Nos. 24, 45).

Sentencing was held on September 13, 2019, and Anderson was sentenced to serve 60 months imprisonment, three years supervised release, pay a $1,900 fine, and pay a $100 special assessment.  (ECF Nos. 36, 46).  Judgment was entered on September 16, 2019.  (ECF No. 38).

Anderson then pursued a direct appeal.  (ECF No. 40).  In an *Anders*[1] brief, Anderson's counsel sought permission to withdraw and challenged a sentence enhancement for trafficking firearms and the denial of a reduction for acceptance of responsibility.  (ECF No. 48-1).  On June 4, 2020, finding adequate support in the record for both the firearms-trafficking enhancement and the denial of an acceptance-of-responsibility reduction, the Eighth Circuit Court of Appeals affirmed Anderson's conviction and sentence.  *Id*.

A one-page, handwritten, unsigned letter to the Court from Anderson was filed on February 26, 2021.  (ECF No. 49).  In it, Anderson states his understanding that it takes two or more persons to conspire to sell stolen firearms; he alleges the indictment against his co-defendant was dropped; and he states, "I feel I got misrepresented by [being] the only one punished."  *Id*.  He then describes post-conviction events and developments, including the alleged death of a nine-year old child, the birth of a daughter he has yet to meet, and other efforts to rehabilitate his life.  *Id*.

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

## II.     DISCUSSION

Anderson's letter suggests ineffective assistance of counsel, so it was docketed as a motion for relief under 28 U.S.C. § 2255.  By Order entered on March 2, 2021, the undersigned found Anderson's letter deficient as a § 2255 motion in the following respects: (1) it is incomplete, not including the information required in the standard form § 2255 motion (AO 243), and not including a statement regarding timeliness; (2) it does not contain a statement of the relief requested; and, (3) it is not signed under penalty of perjury by the Defendant, along with a statement regarding when the motion was placed in the prison mailing system (if the prison mailing system was used). (ECF No. 50).  Anderson was ordered to complete and file a standard form Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (AO 243) on or before April 1, 2021, and the Order reminded Anderson that the completed standard form motion must be signed under penalty of perjury.  *Id*.  Anderson was also informed that failure to comply with the Court's Order may result in his pending motion (ECF No. 49) being summarily dismissed.  *Id*.

On April 19, 2021, Anderson sent another one-page, unsigned letter to the Court.  (ECF No. 51).  He acknowledged receipt of the Court's Order but denied receiving a § 2255 form from the Court.[2]  *Id*.  He described his BOP facility as being on lock-down due to violence and Covid-19; he asks for appointment of counsel to help him; and he asks for a "Reh[a]if" motion.  *Id*.  His request for appointment of counsel was denied by Order entered on April 20, 2021, and the Clerk of Court was directed to send Anderson another standard form motion under 28 U.S.C. §2255 (AO

---

[2] The Clerk sent a blank standard form § 2255 petition to Anderson on March 2, 2021.  (Staff Notes).  No mail sent to Anderson has been returned as undeliverable.

243). (ECF No. 52). Anderson was ordered to complete and file the standard form § 2255 motion, signed under penalty of perjury, on or before May 20, 2021. *Id*. To date, Anderson has not complied with the Court's orders and filed a completed standard form motion under 28 U.S.C. § 2255 signed under penalty of perjury.

Accordingly, and for the reasons stated below, it is recommended that Anderson's one-page, unsigned motion for relief under 28 U.S.C. § 2255 filed on February 26, 2021 (ECF No. 49) be dismissed without prejudice.

### A. Failure to Comply with Court Orders

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . **If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice**. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2) (emphasis added).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

–4–

Anderson has failed to obey two orders of the Court ordering him to file a standard form motion under 28 U.S.C. § 2255 signed under penalty of perjury. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Anderson's deficient pending motion for relief under 28 U.S.C. § 2255 (ECF No. 49) should be dismissed without prejudice.

### B.    Insufficient Allegations of the Pending Motion

Regarding the offense to which he pleaded guilty, Conspiracy to Sell Stolen Firearms, in violation of 18 U.S.C. § 922(j) and 18 U.S.C. § 371, Anderson alleges in his motion that "it takes two [or] more to conspire," the indictment against his co-defendant was dropped, and "I feel I got misrepresented by me [being] the only one punished," and "I was misled." (ECF No. 49). These allegations are inadequate to support relief under 28 U.S.C. § 2255.

Vague and conclusory allegations are insufficient to state a ground for relief under 28 U.S.C. § 2255. *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986). *See also: Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal); *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (brief, conclusory allegations that failed to cite to the record insufficient to support claims of ineffective assistance of counsel). Even *pro se* litigants must state specific facts in support of their claims regarding counsel's allegedly deficient performance. *Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001). Anderson does not. Other than asserting his "feeling" that he was misrepresented because he was the only person punished for the offense, his motion is devoid of any specific facts to support a claim of ineffective assistance of counsel.

Accordingly, Anderson's pending motion for relief under 28 U.S.C. § 2255 (ECF No. 49) is facially inadequate and should be summarily dismissed without prejudice.

### C.     Pending Motion Not Signed Under Penalty of Perjury

Anderson's pending motion for relief under 28 U.S.C. § 2255 (ECF No. 49) is not signed by Anderson under penalty of perjury. Despite twice being ordered to file a standard form § 2255 motion, signed under penalty of perjury, Anderson has failed to do so.

Rule 2(b)(5), Rules Governing § 2255 Proceedings, provides that the motion must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."

Since Anderson's pending motion for relief under 28 U.S.C. § 2255 (ECF No. 49) fails to comply with this basic requirement, and he has twice refused to remedy the deficiency, his pending motion for relief under 28 U.S.C. § 2255 (ECF No. 49) should be dismissed without prejudice.

### III.     CONCLUSION

For the reasons and upon the authorities discussed above, it is recommended that Anderson's pending motion for relief under 28 U.S.C. § 2255 (ECF No. 49) be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of June 2021.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE