IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                          CRIMINAL NO. 18-50090-001

CORNELIUS ANDERSON                                                                         DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is Defendant's *pro se* "Motion for Credit for Time Served." (ECF No. 56). The undersigned, being well and sufficiently advised, recommends as follows:

On September 13, 2019, Defendant was sentenced to 60 months imprisonment for conspiracy to sell stolen firearms. Defendant now seeks credit toward his sentence for time he spent in federal custody prior to his 2019 sentencing.

A request for credit must be made, in the first instance, through the Bureau of Prisons ("BOP"). Administrative procedures exist within the BOP to review the Bureau's failure to credit the time a Defendant previously has served. "Neither the Federal Rules nor the United States Code gives a court the authority to modify a defendant's sentence once that defendant has been committed to the custody of the BOP." *United States v. Espinoza-Cardenas*, No. 14-CR-289(1), 2019 WL 1150623, at *1 (D. Minn. Mar. 13, 2019).

Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (currently the Eastern District of Texas), in the United States District Court for the District of Columbia, or in any district in which the

BOP maintains a regional office. *See United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004); *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000).

Accordingly, without indication Defendant has exhausted his administrative remedies, the undersigned recommends denying Defendant's Motion (ECP No. 56). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 2nd day of November 2021.

/s/Christy Comstock
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE